1  **Stuart J. Einbinder (#155758)**
   seinbinder@swlaw.com
2  **Gerda M. Roy (#130484)**
   groy@swlaw.com
3  **Brent Weiss (#268325)**
   bweiss@swlaw.com
4  **SNELL & WILMER** L.L.P.
   **600 Anton Boulevard, Suite 1400**
5  **Costa Mesa, CA  92626-7689**
   **Telephone: (714) 427-7000**
6  **Facsimile: (714) 427-7799**

7  **Attorneys for Defendant**
   **JPMorgan Chase Bank, N.A.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHOPPES AT CREEKSIDE, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A., as successor to WASHINGTON MUTUAL BANK, and DOES 1 through 100,<br><br>　　　　　Defendants. | CASE NO. EDCV 10-1091 VBF(OPx)<br><br>**PROTECTIVE ORDER**<br><br>==(Note changes on Page 3 Paragraph 8.)== |

　　　　Pursuant to the stipulation of plaintiff The Shoppes At Creekside, LLC ("Plaintiff") and defendant JPMorgan Chase Bank, N.A. ("Chase"), the Court approves and enters this Protective Order, as follows:

　　　　1.　　During the course of discovery, Plaintiff has requested that Chase produce certain of Chase's internal policies and related documentation (collectively the "Policies").

　　　　2.　　The Policies contain confidential and proprietary information, and accordingly Chase needs to ensure that any Policies produced to Plaintiff are kept confidential and not used for any improper purpose.

3. As used herein, the term "Confidential Information" means and refers to (i) the Policies and (ii) any deposition questions and testimony or written discovery concerning, pertaining to or reflecting the Policies. The purpose of this Protective Order is to establish restrictions on the use and disclosure of Confidential Information.

4. Confidential Information shall be used by Plaintiff, its counsel and the other individuals set forth in Paragraph 5 below only for the limited purpose of the prosecution of this action, and not for any other purpose.

5. Confidential Information shall be disclosed only to the following persons:

    a. Plaintiff's counsel of record in this litigation;

    b. Plaintiff's manager, Steven Resnick; and

    c. Any others to whom Chase authorizes the disclosure of Confidential Information and who execute and submit to Chase the Protective Order Acknowledgment attached hereto as Exhibit A.

6. The Policies shall not be copied or reproduced in any manner, except for submission to the Court or in connection with a deposition. Plaintiff and its counsel shall ensure that Confidential Information is not disclosed to anybody not permitted to receive it under this Protective Order.

7. If Plaintiff's counsel desires to inquire into the Policies at a deposition, counsel shall notify Chase's counsel of that intent, and prior to disclosing or discussing the Policies, shall excuse all persons from the deposition who are not authorized to receive the Policies. Any deposition transcript where the Policies are discussed shall be separately bound and any video of such questions and testimony shall be separately recorded from the rest of the deposition, and in each case the separate transcript and recording shall be conspicuously labeled as "CONFIDENTIAL – SUBJECT TO COURT ORDER." The court reporter and videographer shall take all appropriate steps, as directed by Chase, to ensure that Confidential Information, including any questions and testimony, are not disclosed to any persons other than those specified in Paragraph 5 above.

1    8.    Any papers filed with the Court which refer to or attach Confidential Information shall be filed in a sealed envelope on which shall be endorsed the title of this action, an indication of the nature of the contents of the sealed envelope, and the words "CONFIDENTIAL – SUBJECT TO COURT ORDER." Such papers shall be filed under seal until further order of the Court. If the Policies are used in any court proceeding, they shall not lose their status as "Confidential" through such use. All such documents shall be submitted in compliance with Local Rule 79-5.

9.    Nothing in this Order shall (i) obligate Chase to produce any documents or information covered by this Order, (ii) affect Chase's rights to object to discovery or the introduction of evidence in this action, or (iii) preclude Chase from seeking and obtaining additional or different protection with respect to the confidentiality of documents or information.

10.    At the conclusion of this action, all Confidential Information (including all copies) and any documents or materials which reflect Confidential Information shall be delivered to Chase or destroyed, and thereafter Plaintiff's counsel shall certify to Chase in writing compliance with this Paragraph 10.

11.    The restrictions on the use and disclosure of Confidential Information in this Order are not applicable to Chase, and nothing in this Order shall limit or restrict Chase's use or disclosure of the Policies or any Confidential Information.

12.    The Court may make such amendments, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

**IT IS SO ORDERED**:

Dated: __2/23/11_____, 2011

_____
Oswald Parada, U.S. Magistrate Judge

12616179.1

- 3 -

Case No. EDCV 10-1091 VBF(OPx)
PROTECTIVE ORDER

# EXHIBIT A

# PROTECTIVE ORDER ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have been given a copy of the Protective Order entered in the case entitled *The Shoppes At Creekside, LLC v. JPMorgan Chase Bank, N.A.* pending in the United States District Court for the Central District of California, Case No. EDCV 10-1091 VBF.  I agree to be bound by the terms of the Protective Order, and I consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

Date: _____

Signature: _____

Printed Name: _____

Address: _____

Telephone: _____